THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARY DOYLE, Appellant.— Appeal from a judgment of conviction rendered in County Court, Ulster County. Defendant has been convicted of grand larceny, first degree, for embezzling money belonging to her employer, the Mohican Company. The record shows a total in excess of $10,000 was taken in various amounts over a period of about 11 months in 1958 from cash register receipts in the employer's Kingston store. The main issue pressed on appeal is that in the steps taken by the police and prosecuting authorities prior to indictment, constitutional rights of defendant were so invaded as to render inadmissible as a matter of law a confession made by her. Between 1 and 2 o'clock in the afternoon of November 10, 1958 two police officers went to defendant's home and told her she was required to accompany them. They went with defendant to the Ulster County District Attorney's office where she was questioned for about four hours. At the conclusion of this period she was arrested on a charge of grand larceny and arraigned before a Magistrate the next day. Appellant argues that a confession which was obtained during this period of questioning and which was received in evidence must be deemed coerced as a matter of law because during the period in which it was obtained defendant was in police custody and was deprived of constitutional privileges. It is complained that she was not, during the four-hour period in the afternoon of November 10, advised of her right to counsel or allowed to communicate

with counsel; that she was illegally in detention because she was not immediately arraigned before a Magistrate, and had not been arrested on a warrant. Although it is true that defendant could be lawfully put in custody only by an arrest made upon probable cause for the purpose of criminal prosecution and that the statute requires she be promptly arraigned, preliminary detention without arrest and the delay in her arraignment after arrest until the next day, are under the facts of this case, not sufficient to require suppression of the confession. It is argued also that the verdict is against the weight of evidence. Defendant asserts that "There was no direct evidence of the carrying away or misappropriation of the funds by the defendant." There is no proof by any witness showing visual observation of the actual physical taking of money by defendant; but there is detailed testimony by the company auditor showing shortages of over $10,000 during a period when defendant had access to cash from the register and was in control or possession of records, the alteration of which delayed the discovery of the shortages. Defendant's own testimony on the trial itself tends to support the People's proof in some essential respects. She conceded several alterations of the company records reflecting cash amounts in the store registers; her testimony of an attempt without authority to negotiate a check payable to her employer and transmit the proceeds; and her own explanation of her banking transactions and her times of access to her safe-deposit box, could be taken by the jury as corroboration of the main case. Added to this is the detailed statement by defendant herself made to the police and District Attorney in which she admitted the thefts; a statement which is quite consistent with the other proof of shortages shown on audit. The errors in rulings on the trial complained of are not substantial. Judgment unanimously affirmed.